

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NICHOLAS W. COX | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-919-O |
| | § | |
| PHH MORTGAGE CORPORATION | § | |

## FINDINGS, CONCLUSION, AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS

Pending before the Court is Defendant PHH Mortgage Corporation ("PHH")'s Motion to Dismiss First Amended Complaint [doc. # 18], filed on March 25, 2014. After review of the motion, response, reply, Plaintiff's First Amended Complaint, and applicable law, the Court recommends that Defendant's motion be **PARTIALLY GRANTED**.

### I. BACKGROUND

On November 4, 2013, Plaintiff filed an Original Petition and Application for Temporary Restraining Order ("Original Petition") in the 48th Judicial District of Tarrant County, Texas. On this same date, such Court entered a Temporary Restraining Order that restrained PHH from "[e]xercising, conducting or proceeding on any foreclosure sale, transfer or conveyance of the Property . . . from the date of entry of this order until further order of this Court." (Defendant's Notice of Removal, Ex. C.) Defendant PHH removed the action to this Court on November 14, 2014. Thereafter, on November 21, 2014, PHH filed a motion to dismiss. In an order dated February 3, 2014, the Court denied PHH's motion to dismiss and granted Plaintiff leave to amend his complaint. On February 21, 2014, Plaintiff filed an Amended Complaint. In such complaint, Plaintiff makes, *inter alia*, the following factual allegations:

1

4. Plaintiff is the current record owner of the property located at is at [sic] 4708 Barnhill Lane, Fort Worth, Texas 76135, more accurately described as:

> BEING LOT 5, BLOCK 30, MARINE CREEK ESTATES, AN ADDITION TO THE CITY OF FORT WORTH, TARRANT COUNT[Y], TEXAS, ACCORDING TO THE PLAT RECORDED IN VOLUME A PAGE 6456, MAP/PLAT RECORDS, TARRANT COUNTY, TEXAS ("the *Property*").

5. Plaintiff allegedly signed a Promissory Note in the amount of One Hundred Twenty Seven Thousand Six Hundred Eighty Seven and no/Dollars ($127,687.00) on or about January 27, 2011. The copies [sic] of at least one such Promissory Note shows USAA Federal Savings Bank ("Original Mortgagee") as the original mortgagee.

6. The Note is secured by that certain Deed of Trust dated of same date, executed by Plaintiff and delivered to Michael J. Broker as Trustee ("Deed of Trust") on behalf of Original Mortgagee.

7. The public record of Tarrant County does not show any assignment, transfer or conveyance of the Deed of Trust to either Defendant.

8. Plaintiff has now received correspondence from Defendant threatening to foreclose on his home and such foreclosure is to be effected by a substitute trustee.

9. The Notice of Substitute Trustee's Sale which was posted with the Tarrant County Clerk for the sale of the Property identifies the current mortgagee as Defendant; however a review of the public records of Tarrant County, Texas does not reflect any assignment, transfer or conveyance of the Deed of Trust to Defendant.

. . . .

11. There is ambiguity over who the holder of the note is. Plaintiff requests to see documentation reflecting any and all assignments and transfers of the note and an opportunity to view the note in order to determine who the actual holder of the note is.

12. Prior to the date of the original petition being filed, Plaintiff, who is in active duty military service, had made attempts to seek loan assistance while he was going through a divorce. Plaintiff requested that Defendant

assist him in obtaining approval for a loan modification to reduce the payments in this time of financial difficulty. On August 21, 2013 and August 29, 2013, Defendant agreed that Plaintiff could submit for a loan modification and that Defendant would review such for a modification under one of their numerous programs available and instructed Plaintiff to submit an application and financial information (See <u>Exhibits "A" and "B"</u> respectively attached hereto). Plaintiff has had the funds available to make a monthly payment to Defendant during this time but Defendant instructed Plaintiff that he could not make any payments during this process as then the workout numbers would not be accurate. On or about September 5, 2013, Plaintiff submitted all requested loan modification documents and complied with Defendant['s] request for financial information. Plaintiff had continually called Defendant and its agent, Michael Fischlera, the assigned case manager for Plaintiff's Loan. Mr. Fischlera does not return Plaintiff's repeated calls. As recent as October 15, 2013, Plaintiff received a letter from the U.S. Department of Veterans Affairs offering Plaintiff an opportunity to resolve any alleged defaults by contacting Defendant to get their assistance. (See <u>Exhibit "C"</u> attached hereto). Again, Plaintiff reached out to Mr. Fischlera and Plaintiff still has not received any notice or calls back regarding this matter.

13. Once Defendant offered such assistance to Plaintiff and Plaintiff performed his obligation, Defendant [sic] has a right to receive an approval or a denial letter, whichever the case may be[;] however, Defendant has not provided either. Had Defendant sent a denial letter to Plaintiff then Plaintiff would have had the right to appeal. By not sending Plaintiff any response whatsoever, Plaintiff did not have the opportunity to, or know he needed to make such appeal to Defendant, nor did Plaintiff know[] that he needed to make other plans regarding his loan and residence. Plaintiff acted in good faith and relied on Defendant that the loan modification was in review.

14. The Deed of Trust gives Plaintiff an opportunity to reinstate his loan, however, by not giving Plaintiff a notice that the loan modification had been denied, Defendants took this right away from Plaintiff. This is a breach of the Deed of Trust by Defendant.

Plaintiff's First Amended Complaint ("Pl.'s Am. Compl.") at 2-4). Plaintiff then alleges causes of action against PHH for the following: (1) lack of authority to foreclose; (2) breach of contract and anticipatory breach of contract; and (3) injunctive relief. ("Pl.'s Am. Compl. at 5-8.)

In its motion to dismiss, PHH argues that all of Plaintiff's claims against it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Defendant's Motion to Dismiss ("Def.'s Mot.") at 2-3.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." This rule must, however, be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (holding Rule 8(a)'s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and his "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that

4

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. ANALYSIS

#### A. <u>Authority to Foreclose</u>

In its motion, Defendant argues that there is no requirement that a foreclosing entity be the note holder. (Def.'s Mot. at 3-4.) Specifically, Defendant states:

> Plaintiff's assertion is essentially a variant of the "show-me-the-note" theory of foreclosure avoidance which states that a foreclosing entity must hold the note prior to initiating a foreclosure sale. This allegation has been thoroughly rejected by Texas state courts, federal district courts, and the United States Fifth Circuit Court of Appeals.

(Def.'s Mot. at 3-4.) Defendant further claims, citing to *Epstein v. U.S. Bank, N.A.*, 540 F. App'x 354 (5th Cir. 2013), that "[u]nder Texas law, a mortgagee or mortgage service is permitted to foreclose on a house even without holding the notice." (Def.'s Mot. at 4.)

Plaintiff, on the other hand, argues that "Defendant has failed to follow the proper procedures in attempting to collect the alleged debt under the terms of the deed of trust, note and the requirements of the Texas Property Code." (Plaintiff's Response ("Pl.'s Resp.") at 3.) Plaintiff further states:

> They have claimed to have a power of sale and made threats to use a non-judicial foreclose [sic] on the property in their attempts to collect on the alleged debt, when in fact the proper procedural rules have not been followed to give them that power. Thus, the notices of foreclosure sale and notice of default, if any have been sent, are defective and non judicial foreclosure at the upcoming foreclosure sale date would be wholly invalid and in violation of the Texas Property Code and fair debt collection laws.

(Pl.'s Resp. at 3.) In addition, citing to several cases from the Texas Court of Appeals, Plaintiff argues that PHH does not have any "contractual standing" to foreclose on Plaintiff's property

5

because it, as the foreclosing party, "must be able to trace its rights under the security instrument back to the original mortgagee." (Pl.'s Resp. at 3.) Plaintiff further states that "[i]n order to do this the foreclosing party must show it is the "<u>holder</u>" of the note secured by the deed of trust." (Pl.'s Resp. at 3.)

Contrary to Defendant's arguments, Plaintiff does not appear to be claiming that PHH does not have authority to conduct the foreclosures sale under the discredited "show-me-the-note" theory. *See e.g., Millet v. JP Morgan Chase, N.A.*, No. SA-11-CV-1031-XR, 2012 WL 1029497, at *2-3 (W.D. Tex. Mar. 26, 2012) (gathering cases rejecting the theory). Instead, Plaintiff's claim in his Amended Complaint is that, in essence, PHH does not have the authority to foreclose because there is no evidence regarding the identity of the current mortgagee or mortgage servicer. While the Plaintiff does not attach any documents to his Amended Complaint,[1] the Defendant attaches several documents to its Motion to Dismiss, including a copy of the original Deed of Trust, dated January 27, 2011, between Nicholas and Jennifer Cox and USAA Federal Savings Bank ("USAA"), the lender.[2] *See Collins*, 224 F.3d at 498-99 ("We note approvingly . . . that various other circuits have specifically allowed that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'") In addition, Defendant attached several documents to its Notice of Removal, also including a copy of the

---

[1] Documents that a plaintiff attaches to his complaint and are central to his claims are properly considered on a motion to dismiss. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[2] The Deed of Trust identified Michael J. Broker as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as a beneficiary acting solely as nominee for the lender. (Def.'s Mot. to Dismiss, Ex. A at 3.) The Deed of Trust further stated that Nicholas and Jennifer Cox were borrowing $127,687 from USAA.

original Deed of Trust. The Court notes, however, that such documents do not help **trace**[3] PHH's rights to show whether PHH is the current mortgagee or mortgage service on Plaintiff's promissory note and/or deed of trust.[4] *See Rice v. Bank of New York*, No. 4:11-CV-04220, 2012 WL 3685981, at *2-3 (S.D. Tex. Aug. 24, 2012) ("When a party not named in the original mortgage or deed of trust seeks to foreclose, it must be able to trace its rights under the security instrument back to the original holder"); *Shelton v. Flagstar Bank, F.S.B.*, No. H-11-3905, 2012 WL 1231756, at *1-2 (S.D. Tex. Apr. 12, 2012) (denying a Rule 12(b)(6) motion to dismiss, *inter alia*, there was doubt on the pleadings as to the identity of the mortgagee and the servicer). "An obligor has standing to challenge the chain of assignments by which a party claims a right to foreclose." *Onyekwere v. Bank of Am., N.A.*, No. 3:13-CV-2557-B, 2014 WL 1032447, at *5 (N.D. Tex. Mar. 18, 2014). Because Plaintiff has pled enough facts to state a claim to relief that is plausible on its face, the Court recommends that Defendant's motion to dismiss on this issue be **DENIED**.

### B. Breach of Contract and Anticipatory Breach of Contract Claims

In its motion, PHH argues that Plaintiff's breach of contract, breach of modification agreement, and unilateral contract claims should be dismissed. (Def.'s Mot. at 4-5.) PHH claims that Plaintiff's allegations in his complaint as to these claims are "insufficient to support a

---

[3] "This 'chain of title' can be proven in several ways, including documents filed of record in the county clerk's office, Tex. Prop. Code Ann. § 51.0001(4)(C); successive transfers of possession and indorsements of the note to the current holder, Tex. Bus. & Com. Code Ann. § 3.201; or an unbroken chain of assignments from the original mortgagee." *Rice*, 2012 WL 1231756, at *2 (citing *Leavings v. Mills*, 175 S.W.3d 301, 310 (Tex. App.—Houston [1st Dist.] 2004, no pet.)).

[4] The Court notes that this is a different issue than whether Plaintiff has standing to challenge the assignment of his mortgage because he is not a party to such assignment. *See, e.g., Jones v. Deutsche Bank Nat'l Trust Co.*, No. 3:12-CV-3929-L, 2013 WL 3455716, at *4-9 (N.D. Tex. July 9, 2013).

claim for breach of contract or anticipatory breach of contract." (Def.'s Mot. at 5.) PHH further states that Plaintiff has plead no facts in support of his performance and that "Texas law is clear that a 'party to a contract who is himself in default cannot maintain a suit for its breach.'" (*Id.*) In addition, PHH argues that the statute of frauds bars claims for breach of the modification agreement and unilateral contract. (Def.'s Mot. at 5.) Specifically, PHH states:

> The Texas Business and Commerce Code requires any loan agreement of $50,000 or more and the modification of any such agreement to be in writing and signed by the party against whom enforcement is sought. Any agreement to modify the loan agreement must have been in writing and signed by Defendant to be enforced against Defendant.

(Def.'s Mot. at 5-6 (internal citations omitted).) Defendant further claims that "[a]ny modification, whether through oral modification or the alleged creation of a unilateral contract must be in writing to be enforceable," and "'Plaintiff's attempt to recast their breach of contract allegations as a breach of unilateral contract claim does not allow them to avoid the statute of frauds.'" (Def.'s Mot. at 7.)

Plaintiff, in his response, claims that after a material breach of contract, if the non-breaching party decides to continue performance and insists the party in default continue performance, then the contract continues and the non-breaching party is not excused from performance. (Pl.'s Resp. at 4-6.) Specifically, Plaintiff states, ". . . Defendant[] cannot hide behind Plaintiff's breach as an excuse for nonperformance. After Plaintiff's' [sic] breach, Defendant[] continued to require Plaintiff to perform under the contract. For these reasons, Defendant['s] analysis of Plaintiff's breach of contract claim should be denied." (Pl.'s Resp. at 5.) Plaintiff also argues that Defendant failed to give proper notice to cure or a notice to dispute any alleged debt claimed to be owed "pursuant to statutory requirement of the Texas Debt

8

Collection Act and such is mandatory to be given prior to any Notice of Acceleration of Loan." (Pl.'s Resp. at 5.)

In addition, Plaintiff claims that he had made attempts to seek loan assistance and Defendant agreed that it would review the loan for a modification under one of their numerous programs available. (Pl.'s Resp. at 5.) Plaintiff argues that he acted in good faith and relied on Defendant that the loan modification was in review and that Defendant has failed to respond to Plaintiff's loan modification documents. (Pl.'s Resp. at 5-6.) According to Plaintiff, the "Deed of Trust gives Plaintiff an opportunity to reinstate his loan[;] however, by not giving Plaintiff a notice that the loan modification has been denied, Defendant took this right away from Plaintiff." (Pl.'s Resp. at 6.)

Plaintiff further argues that he did not fail to plead a claim for waiver. Plaintiff claims that Defendant "had an implied duty of good faith and fair dealing with regard to its obligations under the Note" and that Defendant, by failing to do so, waived its right to accelerate and foreclose. (Pl.'s Resp. at 7-8.)

In his Amended Complaint, Plaintiff alleges the following as to his claims for breach of contract and anticipatory breach of contract:

> 18. Plaintiff had a valid enforceable contract, namely the Note and Deed of Trust. Plaintiff tendered performance, yet Defendant breached its duties.
>
> 19. Defendant has violated the Texas Property Code § 51.002 and breached the Deed of Trust contract. Defendant never gave Plaintiff the right to cure and reinstate his note pursuant to the terms of the Deed of Trust. As a result of Defendant's wrongful conduct described above, Defendant waived its right to foreclose. Further, Defendant offered and Plaintiff accepted a loan modification review. Plaintiff spoke to Defendant who told Plaintiff that he qualified for a loan modification but that she [sic] had to send in financial information. Plaintiff relied on Defendant's representations and promises, as

described above to his detriment. Plaintiff's reliance on Defendant's promises constituted a unilateral contract which was breached by Defendant when they posted Plaintiff's property for foreclosure sale.

20. Defendant's conduct of deliberately, (or negligently) delaying and misleading Plaintiff to the point of foreclosure is unconscionable. Further, Defendant was required to give Plaintiff an opportunity to pay the past due installments before acceleration of the entire indebtedness. Defendant was required to demand past due installments before exercising the option to accelerate. Defendant has failed to do so. Defendant's actions not only breached the contract, but prevented Plaintiff from performing the contract. Loss of the right to accelerate may result from inconsistent or inequitable conduct on the part of the holder of a promissory note. Defendant has waived its right to accelerate and foreclose. . . .

21. Additionally, Defendant has anticipatorily breached the contract. . . . Defendant has sought to foreclose and take possession of the sec [sic] for the note, constituting absolute repudiation; there was a lack of just excuse; it was wrongful in light of all the circumstances surrounding the attempted foreclosure; and Plaintiff was damaged by Defendant's wrongful conduct.

22. As a result of Defendant's wrongful conduct described above, Defendant has no right to foreclose. The breach of the contract and the anticipatory breach of the contract, as set forth above[,] were a proximate cause of Plaintiff's damages as set forth below. Plaintiff has incurred damages, including mental anguish and attorney[']s fee[s].

(Pl.'s Am. Compl. at 6-8 (internal citations omitted).)

### 1.  Breach of Contract

"In Texas, 'the essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)). "A breach of contract occurs when a party fails to perform an act that it has expressly or impliedly promised to

perform." *Case Corp. v. Hi-Class Bus. Sys. Of Am., Inc.*, 184 S.W.3d 760, 769-70 (Tex. App.—Dallas 2005, pet denied).

In this case, the Court finds, at the very least, that Plaintiff's allegations, in her Amended Complaint, fail to allege any factual allegations supporting his statement that the Plaintiff performed or tendered performance of the alleged contract. Plaintiff's statement that "Plaintiff tendered performance" is a mere conclusory allegation and does not provide any specific facts as to how Plaintiff actually tendered performance. As stated above, the Court need not credit bare conclusory allegations or a formulaic recitation of the elements of a cause of action.

Furthermore, as to Plaintiff's allegations that PHH somehow waived its right to foreclose due to the acceptance of a loan modification review, the Court notes that "[u]nder Texas law, a 'waiver is the intentional relinquishment of a right actually known, or intentional conduct inconsistent with claiming that right.'" *Sanghera v. Wells Fargo Bank, N.A.*, No. 3:10-CV-2414-B, 2012 WL 555155, at *4 (N.D. Tex. Feb. 21, 2012). To plead a waiver, the plaintiff must allege "'(1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right.'" *Id.* (quoting *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008) (internal quotation marks omitted)). However, the allegations in Plaintiff's First Amended Complaint would not, if true, establish that PHH intentionally waived its right to foreclose. Assuming the Deed of Trust was assigned to PHH, such deed specifically states:

11

> **12. Borrower Not Released; Forbearance By Lender Not a Waiver.**[5]
> Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest in Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

(Def.'s Mot. to Dismiss, Ex. A at 11 (footnote added).) Based upon this language, any action by PHH to agree to modify the loan with Cox would not constitute a waiver. Moreover, Plaintiff has failed to allege facts supporting his claim that PHH had an actual intent to relinquish its right to foreclose.

As to any of Plaintiff's allegations relating to the existence of an oral unilateral contract, the Court notes that "Texas law does not recognize the validity of oral loan modification agreements" and "[a]ny loan agreement exceeding $50,000 in value must be in writing." *Water Dynamics Ltd. v. HSBC Bank USA Nat. Ass'n*, No. 4:11-CV-614-A, 2012 WL 34252, at *4 (N.D. Tex. Jan. 6, 2012) (citing Tex. Bus. & Com. Code Ann. § 26.02(b) (West 2012)). *See Obuekwe v. Bank of Am., N.A.*, No. 4:11-CV-762-Y, 2012 WL 1388017, at *5 (N.D. Tex. Apr. 19, 2012). Based on the foregoing, the Court recommends that Plaintiff's cause of action for breach of contract be **DISMISSED**.

---

[5] According to the Deed of Trust, "Lender includes any holder of the Note who is entitled to receive payments under the Note." (Def.'s Mot. to Dismiss, Ex. A at 1.)

### 2. Anticipatory Repudiation

"Under Texas law, . . . to prevail on a claim for anticipatory breach, a plaintiff must establish '(1) an absolute repudiation of the obligation; (2) a lack of a just excuse for the repudiation; and (3) damages to the non-repudiating party.'" *Sanghera*, 2012 WL 555155, at *4 (quoting *Gonzalez v. Denning*, 394 F.3d 388, 394 (5th Cir. 2004)). "To absolutely repudiate, a party must, through words or actions, declare an unconditional intent not to perform the contract according to its terms." *Ennis v. Bank of Am., N.A.*, No. 3:12-CV-295-D, 2012 WL 4741073, at *4 (N.D. Tex. Oct. 3, 2012) (citing *Gonzalez*, 394 F.3d at 394)). In this case, Plaintiff has failed, at the very least, to allege any factual allegations supporting his statement that PHH had a lack of just excuse for the repudiation as foreclosure is a remedy specifically allowed by the Deed of Trust. Thus, the allegation that Defendant attempted to foreclose represents an allegation that PHH attempted to enforce, rather than repudiate, the contract. Accordingly, the Court recommends that Plaintiff's cause of action for anticipatory breach of contract be **DISMISSED**.

### C. Injunctive Relief

"[A] request for injunctive relief is not an independent cause of action; rather, it is a type of relief." *Scott v. Tanner*, No. 01-02-00668-CV, 2003 WL 22862806, at *3 n.2 (Tex. App.--Houston [1st Dist.] Dec. 4, 2003). Because the Court is recommending that Plaintiff's claim for authority to foreclose not be dismissed, the Court also recommends that the Plaintiff's claim for injunctive relief also not be dismissed at this time.

## RECOMMENDATION

It is recommended that PHH's Motion to Dismiss is **PARTIALLY GRANTED** in that all of Plaintiff's claims against Defendant except for his claim regarding authority to foreclose be **DISMISSED** pursuant to Rule 12(b)(6).

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **July 7, 2014** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed

and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 20, 2014.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/knv